HENRY M. CRIPPEN, APPELLANT, *v.* SARAH A. CRIPPEN, AS EXECUTRIX, AND JAMES FEENEY, AS EXECUTOR OF RILEY CRIPPEN, DECEASED, RESPONDENTS.

*Promise to pay money out of property, to be received from a decedent's estate, in execution of the decedent's wishes — burden of proving that the promisor received the property.*

In order to recover upon a promise to pay money, made by a person who, by descent, or devise or bequest, has, it is claimed, received from a decedent, property, out of which the decedent wished that the amount so promised should be paid, it must affirmatively appear that such person has received property from the decedent; and mere proof that the promise to pay has been made by him is not sufficient to justify a recovery.

APPEAL by the plaintiff from a judgment in favor of the defendants, entered upon an order setting aside the report of a referee allowing a claim presented by the plaintiff against the estate of Riley Crippen, deceased, which had been referred, under the statute, to a referee to hear and determine.

*N. C. Moak,* for the appellant.

*T. F. Hamilton,* for the respondents.

LEARNED, P. J.:

Riley Crippen died December 30, 1885, leaving a will which was duly proved, and defendants were appointed executrix and executor. The plaintiff, a son of deceased, presented a claim which was duly referred under the statute. The referee reported in favor of the claim. The defendants, on case and exceptions, moved to set the report aside. The motion was granted and plaintiff appeals. The claim is on an alleged oral promise made by Riley Crippen to his wife, Fanny, about July, 1853. The facts out of which the alleged promise arose are as follows: Ephraim Wheeler died in 1840, and left surviving children, among them Fanny. There is some testimony that each daughter received about $4,000 from his estate. This is only given on recollection of witnesses, and a statement of Riley Crippen said to have been made about 1854. Fanny Wheeler, in 1845, married Riley Crippen. She died in July, 1853. There is the testimony of two or three witnesses as to statements made by

him at or before her death; being about thirty years ago. These statements are, in substance, that when she was ill and near death she proposed to make a will, and that he told her there was no need of a written will as everything could be carried out as she wished, and the wish was that he should have the use during his lifetime, and then this money, said to be $3,900, should go to her children. The plaintiff is one of the three children of Fanny. One other child is living, who is the plaintiff in another action, and the third child is dead, leaving children. The learned justice who decided the motion thought that the evidence was insufficient to show that Fanny Crippen had money which came from her father; that the money came to the hands of her husband, or that he made the alleged promise. He pointed out very justly that the only evidence consisted of testimony to verbal admissions made about thirty-three years before the death of the testator. And we think that his remarks are just. It is not shown what property was received from Ephraim Wheeler's estate, nor what were the terms of his will, if, as defendant's brief states, he left a will. If he died in 1840, then Fanny, so far as appears, became entitled to the property. When she married Riley Crippen, in 1845, her personal property became his. There is no evidence that it had not been reduced into possession or that he was holding it in trust for her. Therefore, when she died, in 1853, she had no personal property to dispose of. At least none is shown.

As was stated by this court in *Bull* v. *Bull* (31 Hun, 69), "the promise which has been enforced has been made by a person who, by descent or devise or bequest, has received from the decedent property out of which the proposed devise or legacy would have come; which proposed devise or legacy was prevented by the promise of the person thus held liable." This is the principle which has controlled the case. (*Matter of Will of O'Hara*, 95 N. Y., 403.) Certainly a promise where the promisor owns the property, and the promisee does not, can create no legal obligation. It is the wrong done to the promisee by preventing him from doing what he would otherwise have done with his own property which makes this kind of promise binding.

To sustain this report of the referee, then, it must be shown that

Riley Crippen, by virtue of the alleged promise, obtained from his wife's estate, after her death, the title of this money, which would otherwise have been given by her to her children. Unless this be shown, then her will, if executed, would have been of no avail to them.

We agree with the learned justice that this has not been shown, and we think the order should be affirmed, with costs.

The same disposition made of the case of Emily Wood against the same defendants.

LANDON and INGALLS, JJ., concurred.

Order affirmed, with costs in each case.